UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARJON ROW,

           Plaintiff,         CIV. S-05-1605 FCD PAN PS

     v.

CALIFORNIA HIGHWAY PATROL,     FINDINGS AND RECOMMENDATIONS

           Defendant.

-o0o-

On August 31, 2005, pursuant to this court's August 29 order, plaintiff filed a supplemental affidavit in support of her application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff has not worked since April when she left a state job that paid $2100 a month. She now anticipates a monthly income of $2700 based on the following: (1) rental of rooms totaling $1200, (2) $740 disability payment, and (3) $800 retirement (although she is "just now applying"). Plaintiff also

states she is seeking Social Security disability income and has submitted a September 15, 2005, Physician's Report completed for the California Public Employees' Retirement System opining plaintiff is permanently disabled due to work-related depression and anxiety.

Plaintiff avers that her current monthly expenses are $2995 but she is in the process of refinancing her home to pay off existing debts and anticipates monthly expenses of $2451.[1] Plaintiff values her home at $360,000 and her car at $10,000; she has no dependents.

Plaintiffs' affidavits fail to demonstrate that because of poverty she cannot pay or give security for court costs and still be able to provide herself with the necessities of life. See Adkins v. E.I. Dupont de Nemours & Co., 335 U.S. 331, 339 (1948).

Accordingly, I recommend that plaintiff's application to proceed in forma pauperis be denied and plaintiff be accorded thirty days within which the pay the filing fee.

---

[1]

| | Current Monthly Expenses | Anticipated Monthly Expenses |
|---|---|---|
| Mortgage | $1893 | $2100 |
| Car Payment | 379 | 0 |
| Bank of America | 112 | 0 |
| Beneficial | 260 | 0 |
| Food | 200 | 200 |
| SMUD | 30 | 30 |
| PGE | 15 | 15 |
| Cable | 28 | 28 |
| Gas | 20 | 20 |
| City Services | 58 | 58 |
| **TOTAL** | **2995.00** | **2451.00** |

2

1  Plaintiff's request this court appoint legal counsel due
2 to her financial limitations is denied.  Since plaintiff has not
3 made an affirmative showing of indigence, she is ineligible to
4 seek counsel under section 1915(e)(1).
5  Should plaintiff proceed by paying the filing fee, she
6 should be required to file simultaneously a complaint that
7 conforms with the requirements of Fed. R. Civ. P. 8(a) and E. D.
8 Cal. L. R. 8-204.  Plaintiff has submitted to the court a
9 standard size cardboard box filled with papers and a letter, a
10 copy of which was filed August 12, asking for guidance as to how
11 to proceed in her claim under the Americans with Disabilities
12 Act, 42 U.S.C. § 12111 et seq.  The court cannot assume such an
13 advisory role and plaintiff appears fully capable of representing
14 herself.  Upon plaintiff's request, the Clerk of Court should
15 return to plaintiff the box of documents designated Docket #5.
16  These findings and recommendations are submitted to the
17 Honorable Frank C. Damrell, Jr., the United States District Judge
18 assigned to this case.  28 U.S.C. § 636(b)(l).  Written
19 objections may be filed within ten days after being served with
20 these findings and recommendations.  The document should be
21 captioned "Objections to Magistrate Judge's Findings and
22 Recommendations."  The failure to file objections within the
23 specified time may waive the right to appeal the District Court's
24 ////
25 ////
26 ////

order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 9, 2005.

                                        <u>/s/ Peter A. Nowinski</u>
                                        PETER A. NOWINSKI
                                        Magistrate Judge