UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARJON ROW,

        Plaintiff,                            CIV S-05-1605 FCD PAN PS

    v.

CALIFORNIA HIGHWAY PATROL,                ORDER

        Defendant.

—oOo—

On February 13, 2006, the District Judge denied plaintiff's application to proceed in forma pauperis and accorded plaintiff thirty days within which to pay the filing fee and file a proper complaint in lieu of the box of documents she submitted on August 12, 2005. On February 15, 2006, plaintiff paid the filing fee; on March 13, 2006, she filed a document entitled "Claim for Relief;" and on March 15, 2006, plaintiff sent a CD to the Clerk's office.

Plaintiff's "Claim for Relief" seeks punitive damages and loss of wages, and summarily sets forth plaintiff's legal allegations against each of five defendants (e.g., "Mike Souwlen, Supervisor, Denied Reasonable Accomadations/Discrimination Twice. mental, and physical disability (carpol tunnel)" [sic]. The CD, which the Clerk's office properly declined to

1 accept on the ground plaintiff's documents must be filed in paper format (E. D. Cal. L. R. 5-
2 133(b)(2)), contained over 2800 pages organized in the following files:  "(1) Files.pdf-
3 Containing 2,786 pages of various medical documents;" (2) "Right to Sue Letters.pdf-Containing
4 7 pages of Right to Sue Letters;" and (3) "State Personal Board Hearings.pdf-Containing 49
5 pages of various State Court documents."

6       Plaintiff has submitted no other relevant documents[1] but telephoned this
7 court's courtroom clerk to explain that her complaint consists of her "Claim for Relief" plus the
8 box of documents she submitted in August.

9       The court informed plaintiff on November 10, 2005 that her box of documents
10 could not constitute a complaint and that she should retrieve the documents in order to prepare a
11 proper complaint.  Plaintiff has not done so.  Plaintiff's "Claim for Relief" does not meet the
12 requirements of Fed. R. Civ. P. 8(a).  The document does not set forth any facts giving rise to
13 plaintiff's action.  Nor does it set forth the grounds for this court's jurisdiction.  The "Claim"
14 fails properly to name and identify the defendants, providing no background information
15 regarding their alleged conduct or relationship to plaintiff.

16       For the foregoing reasons, PLAINTIFF'S "CLAIM FOR RELIEF" FILED
17 MARCH 13, 2006, IS DISMISSED.  Plaintiff is again accorded the opportunity to file a
18 complaint that (1) sets forth the court's jurisdiction, (2) recites chronologically all relevant facts
19 underlying plaintiff's legal claims, (3) fully identifies each defendant, their relationship to
20 plaintiff, their specific alleged acts, and the legal claims against them, (4) clearly articulates each
21 of plaintiff's legal claims, and (5) sets forth plaintiff's claims for relief.  This information shall be
22 set forth in a single document, typed or legibly written, entitled "Complaint," and shall be filed
23 within twenty (20) days after service of this order.  Failure timely to file an adequate complaint

24

---

25     [1] Also on March 13, 2006, plaintiff filed five completed USM-285 forms, which are irrelevant in light of
the court's denial of plaintiff's application to proceed in forma pauperis.  Should plaintiff file a proper complaint, she
26 will be responsible for timely and properly serving process upon defendants pursuant to Fed. R. Civ. P. 4.

will result in a recommendation this action be dismissed.

DATED: April 20, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006:mrow1605.ordII